# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| GEORGE A. EVAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 2:13-CV-11 JVB |
| | ) |
| BANK OF AMERICA CORPORATION, | ) |
| PORTFOLIO RECOVERY ASSOCIATES | ) |
| LLC, and EXPERIAN INFORMATION | ) |
| SOLUTIONS INC. | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Defendants Bank of America Corporation ("BAC")[1] and Portfolio Recovery Associates LLC ("PRA") have filed separate motions to dismiss pro se Plaintiff George A. Evan's claims against them as set out in his second amended complaint ("complaint") (DE 47). Evan has filed a consolidated response to which BAC and PRA have filed separate replies. The motions are ripe for decision.

**A.  Standard for Evaluating a Motion to Dismiss**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is to test the sufficiency of the pleading, not to decide the merits of the case. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). Federal Rule of Civil Procedure Rule 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, "recitals of the elements of a cause of action, supported

---

[1] BAC has filed its motion to dismiss under the name FIA Card Services National Association, which, it explains, is a wholly owned subsidiary of Bank of America Corporation.

by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 661, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))[2]. As the Supreme Court has stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). A complaint is facially plausible if a court can reasonably infer from factual content in the pleading that the defendant is liable for the alleged wrongdoing. *Id*. (citing *Twombly*, 550 U.S. at 570). To be plausible, a complaint must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has synthesized the standard into three requirements. *See id*. "First, a plaintiff must provide notice to defendants of her claims. Second, courts must accept a plaintiff's factual allegations as true, but some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim. Third, in considering the plaintiff's factual allegations, courts should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*

**B.     Plaintiff's Complaint**

---

[2] In *Twombly* the Supreme Court "retooled federal pleading standards, retiring the oft-quoted [*Conley v. Gibson*, 355 U.S. 42, 47 (1957)] formulation that a pleading 'should not be dismissed for failure to state a claim unless it appears beyond doubt that the [pleader] can prove no set of facts in support of his claim which would entitle him to relief.'" *Killingsworth v HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618, (7th Cir. 2007).

Evan's claims against BAC and PRA involve alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.. According to Evan, since about 2004 BAC has been reporting unspecified derogatory information regarding an account he refers to as Account 1 to the three major credit reporting agencies, TransUnion LLC, Experian Information Solutions Inc., and Equifax Information Services LLC ("CRAs"). Since January 1, 2006 BAC has also been reporting derogatory information regarding an account he refers to as Account 2 to the CRAs. This derogatory information appears on his credit reports. In 2008 BAC "sold the alleged debt" of both accounts to PRA, whereupon PRA continued reporting derogatory information regarding the accounts to the CRAs, but stopped reporting derogatory information regarding Account 2 in January 2012.

Evan alleges that beginning sometime in 2010 he attempted to dispute the derogatory information in his credit report because it is more than seven years old, which, he alleges, is a violation of 15 U.S.C. § 1681c, and because it is inaccurate and cannot be verified, which he alleges is a violation of 15 U.S.C.§ 1681s-2(b). He states that his last notice of dispute was directed to the CRAs on January 8, 2013.

C.    **Defendants' Arguments**

Defendant BAC first argues that Evan has failed to state a claim against it because 15 U.S.C. § 1682c applies only to credit reporting agencies and it is not a credit reporting agency, but a furnisher of information to credit reporting agencies.[3] Quoting from Evan's response to

---

[3]In fact § 1682c applies to *consumer* reporting agencies: "[N]o consumer reporting agency may make any consumer report containing any of the following items of information . . ." Under 15 U.S.C. § 1681a(f), "[t]he term "consumer reporting agency" means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages . . . in the practice of assembling or evaluating consumer credit information or other information

3

BAC's motion to dismiss his original complaint, BAC further contends that the basis for his claim against it is that it improperly reported information that is more than seven years old, which is forbidden by 15 U.S.C. § 1681c(a). However, it maintains that § 1681c cannot be the basis for a claim under § 1681s-2(b). Next, BAC asserts that, even if Evan had a claim under § 1681s-2, it is now barred by the statute of limitations found in § 1681p. Finally, BAC contends that Evan fails to state a claim under § 1681s-2(b) because he does not allege that a credit reporting agency notified it, pursuant to § 1681i(a)(2), that Evan was disputing the completeness or accuracy of an item of information.

Defendant PRA also insists that Evan has failed to state a claim against it under § 1681c, that his claims are time-barred, and that his § 1681s-2(b) claim fails because he did not allege that PRA received notice of a dispute from a consumer reporting agency. In addition PRA argues that Evan has not properly pleaded damages.

**D.     Discussion**

**(1)     *§ 1681c Claims***

The Court agrees that Evan fails to state a claim for relief against BAC and PRA under § 1681c. That section forbids consumer reporting agencies from including certain items of information in consumer reports. Evan has alleged no facts to plausibly suggest that the Defendants meet the statutory definition of a consumer reporting agency.

---

on consumers for the purpose of furnishing consumer reports to third parties . . ." In the remainder of this opinion the Court will use the statutory term "consumer reporting agency" despite the fact that the Defendants use the term "credit reporting agency."

**(2)** *Statute of Limitations*

Title 15 § 1681p establishes the statute of limitations for actions to enforce any liability under the FCRA. Such an action must be brought not later than the earlier of "(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs." Defendants maintain that because Evan alleges in his complaint that beginning sometime in 2010 he a attempted to dispute the derogatory information with BAC, PRA, and the credit reporting agencies, he must have discovered the violations by December 31, 2010 at the latest, so that a complaint filed in 2013 is time-barred. However, liability is triggered under § 1681s-2(b) only after a furnisher of credit information receives notice from a consumer reporting agency that a consumer is disputing the completeness or accuracy of any item of information in the consumer's file and the furnisher does not complete its duties under that section within the thirty-day period set out in § 1681i(a)(1).

Because Evan does not allege, and is not required to allege in his complaint, when BAC and PRA received notice from a consumer reporting agency of such a dispute, it cannot be determined from the allegations of the complaint that it was filed outside the two-year statute of limitations. *See Indep. Trust Corp. v. Stewart Info. Services Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." Moreover, Evan alleges that he last sent notice of his dispute to the

5

CRAs on January 8, 2013. Undeniably, any claims he may have that are based on this notice are not time-barred.

**(3)     *§ 1681s-2(b) Claims***

The Court agrees with BAC that the duty § 1681c imposes on consumer reporting agencies not to report certain items of information that antedate the report by more than seven years cannot serve as the basis for a violation of § 1681s-2(b) by a furnisher of credit information.[4] However, Evan's complaint also states that he disputed the accuracy of information furnished to the CRAs, which may have triggered BAC's duty to investigate under § 1681s-2(b). Accordingly, any claim Evan has under § 1681s-2(b) that BAC failed to investigate his dispute as to the accuracy of information provided to consumer reporting agencies survives the motion to dismiss.

---

[4]Title 15 U.S.C. § 1681s-2(b) provides:

(b) Duties of furnishers of information upon notice of dispute
   (1) In general
   After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall–
      (A) conduct an investigation with respect to the disputed information;
      (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
      (C) report the results of the investigation to the consumer reporting agency;
      (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
      (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly–
         (i) modify that item of information;
         (ii) delete that item of information; or
         (iii) permanently block the reporting of that item of information.

**(4)** *Failure to Allege Notice*

Both BAC and PRA claim that, because their duty to investigate disputes under § 1681s-2(b) is not triggered unless a consumer reporting agency notifies them of a dispute as to the completeness or accuracy of any information they furnished, Evan's complaint is defective because it does not allege specifically that they received such notice. The Court disagrees. The Court of Appeals for the Seventh Circuit considered this question in *Lang v. TCF National Bank*, 249 Fed. Appx. 464 (7th Cir. 2007). There the court reversed the dismissal of claims under § 1681s-2(b) where the plaintiff alleged that he told a consumer reporting agency that the bank had furnished false information to it and that the bank refused to investigate. The court found that these allegations stated a plausible claim under the FCRA and gave the bank fair notice of his claim, noting that "facts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" *Id.* at 466, quoting *Vincent v. City Colleges of Chicago*, 485 F.3d 919, 923–24 (7th Cir. 2007).

Evan's complaint plausibly states a claim against BAC and PRA for failing to investigate his dispute under §1681s-2(b). Given the fact that Evan alleges he notified the three CRAs of a dispute regarding the accuracy of the information BAC and PRA furnished, thus triggering the CRAs' statutory duty under § 1681i(a)(2) to notify BAC and PRA, the complaint plausibly suggests that at least one of the CRAs notified them of the dispute.

**(5)** *Adequacy of Damages Allegations*

The Court finds no fault with Evan's damages allegations. He alleges that as a result of PRA's illegal actions he has suffered financial losses and mental pain and suffering. More

factual detail is not required. PRA confuses what evidence a plaintiff must produce to defeat a motion for summary judgment with what he must plead. Indeed, the cases PRA cites to support its claim that the allegations of the complaint are insufficient are summary judgment cases where the courts found that plaintiffs could not prove their damages. These cases do not discuss the adequacy of the complaint.

**E.  Conclusion**

For the foregoing reasons, the Court GRANTS in part and DENIES in part Defendant Bank of America Corporations's motion to dismiss (DE 49) as set out in the body of this opinion.

The Court GRANTS in part and DENIES in part the motion to dismiss of Defendant Portfolio Recovery Associates LLC (DE 51) as set out in the body of this opinion.

SO ORDERED on March 6, 2014.

s/ Joseph S. Van Bokkelen  
Joseph S. Van Bokkelen  
United States District Judge
